

March 5, 2024

**VIA ECF**

Hon. Christian Hummel
James T. Foley U.S. Courthouse
445 Broadway – 4th Floor
Albany, NY 12207

    Re:    *D.B. v. Sullivan*, 22-cv-282-MAD-CFH

Your Honor,

    I represent the plaintiff, herein identified as "D.B.," in the above-referenced matter. I write seeking the Court's intervention regarding certain discovery disputes that good faith discussions have not been able to resolve.

    By way of background, this case involves a challenge to New York State regulations involving state reporting to the federal NICS (National Instant Criminal Background Check System) of individuals who have been "adjudicated as mentally defective" and/or "involuntarily committed to a mental institution." In abridged form, Plaintiff alleges that his voluntary admission to a hospital under Mental Hygiene Law § 9.39 is not a NICS reportable event, should not have been reported to NICS, and that he should be removed from the State's reporting database. Plaintiff brings a facial challenge to the state statutes, and an 'as applied' challenge to the defendants' refusal to remove him from the State NICS reporting database.

    The Complaint identifies certain "Doe" defendants, three of whom are the Panel Members for the NYS Office of NICS Appeals and SAFE Act[1] (the "SAFE Act Office") who consider and decide applications from individuals to be removed from the State's NICS reporting database (a Certificate of Relief Application). Specifically, the three Panel Members considered and denied Plaintiff's application to be removed from the database.

    In this case and *Isaac Richey v. Sullivan*, 1:23-cv-00344-AMN-DJS, the State has persisted in withholding the identities of the three Panel Members and other material witnesses employed by OMH's SAFE Act Office, has redacted discoverable information from documents produced to Plaintiff, and has withheld discoverable documents altogether.

---

[1] A division of the New York State Office of Mental Health (OMH).

2 Overhill Road, Suite 400　　　　　*info@bellantoni-law.com*　　　　　(914) 367-0090 (t)
Scarsdale, New York 10583　　　　　www.bellantoni-law.com　　　　　(888) 763-9761 (f)

The State's reasoning for withholding the requested information, detailed further below, is the same here as in *Richey*.

In January and February 2024, letters from Plaintiff and the State were filed in *Richey* seeking Magistrate Stewart's intervention, and a telephonic conference was held by Magistrate Stewart on February 13, 2024.

Days prior to the conference, I was able to identify two of the panel members, who are now named defendants in *Giannavola v. Lee, et al.*, 24-cv-06096-FPG (WDNY), filed on February 9, 2024. There now remains only one Panel Member (and other staff witnesses) yet to be identified, but the State continues to refuse to provide his/her identity, unredacted versions of the documents produced[2], and previously withheld discoverable documents.

While discovery in *Richey* was proceeding slightly ahead of this case, due to a change in defendants' counsel and the incoming attorney's trial schedule, this matter moved ahead of *Richey* with the taking of Plaintiff's deposition on February 22, 2024.

Since that time, I have provided the State with a proposed redlined First Amended Complaint, have requested the identity of the third Panel Member, and sent Notices of Deposition[3] for the two already-identified members, Dr. Grace Lee and Carmen Barber.

In sum, I am seeking the Court's assistance with the State's asserted privileges for continuing to withhold discoverable information and documents, as indicated below, and permission to file an amended complaint identifying Li-Wen Grace Lee, M.D. and Carmen Barber as two of the Panel Members.

***The Identities of "Doe" Defendants and Material Witnesses Are Being Withheld By the Defendants***

The Complaint names "Doe" defendants in their individual capacities; the "Does" are those individuals who "personally and directly implemented the policies and procedures that Plaintiff's personal identifying information being (i) improperly maintained in the state mental health database for firearms reporting purposes and/or (ii) improperly communicated to other federal and state agencies." Three of such persons are the SAFE Act Office Panel Members; one continues to be unknown to Plaintiff.

Plaintiff's Request for the Production of Documents sought the production of documents and ESI concerning the identity, educational background, and professional experience, and job descriptions of the individuals who processed, reviewed, and made the final determination to deny Plaintiff's application for a Certificate of Relief from Firearm Disabilities and remove him from the state's NICS reporting database.

Defendants objected to the production of any identifying information and, to the extent that documents and email communications were provided to Plaintiff, the documents were redacted to hide

---

[2] To be clear, some of the documents produced by the State are redacted to shield the identity of other non-party certificate of relief applicants; Plaintiff is not seeking such information.

[3] Because an amended complaint has not been filed naming Dr. Lee and Carmen Barber, and to move discovery along, I have sent a subpoena for Dr. Lee's deposition out for service, a copy of which was emailed to defendants' counsel, Mark Dolan.

the identify of the individuals involved in the processing, review, and determination of Plaintiff's inclusion in the State's NICS reporting database. The grounds for the objection were "public safety/public interest privilege," which has no application here.

The "public safety/public interest" privilege is available when necessary to protect sensitive governmental information; it cannot shield individual state actors from being held legally accountable for constitutional violations. Plaintiff has a right to know the identities and professional experience/background of the people who made decisions about, *inter alia* (i) his present day mental health status, and (ii) whether one of his enumerated constitutional rights should be terminated, and to take the depositions of those involved in making those determinations, as they have information that is critical, material and relevant to Plaintiff's claims, without which Plaintiff will be substantially prejudiced.

The State has no cognizable legal privilege to secrete material witnesses. Their identities and experience are not "sensitive governmental information," nor does the disclosure of their identities create a "public safety" risk. The public has a vested interest in knowing, among other information, who is making these decisions, what their qualifications and experience are, the guidelines and criteria they enforce when making decisions about who to keep and/or remove from the NICS reporting database, etc. The State is acting in bad faith to insulate government actors from liability for civil rights violations.

The State also asserts the "deliberative privilege" to withhold documents and communications between and among SAFE Act Office staff, including Panel Members. The documents and communications sought does not concern behind-the-scenes discussions and formulation of OMH policy. Plaintiff is seeking communications and documents concerning his inclusion in the NICS reporting database and the processing of his Certificate of Relief application. Information relating to Plaintiff specifically, not the 'creation' of government policy, is sought.

An intra-agency document may be withheld pursuant to the deliberative process privilege if it is: (1) "predecisional," i.e., "prepared in order to assist an agency decisionmaker in arriving at his decision," and (2) "deliberative," i.e., "actually ... related to the ***process by which policies are formulated***." *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 356 (2d Cir. 2005) (emphasis added) (citation omitted). The deliberative process privilege is a sub-species of work-product privilege that covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process ***by which governmental decisions and policies are formulated***. *Id.* (emphasis added); see also, *United States v. Hooker Chemicals & Plastics Corp.*, 114 F.R.D. 100, 102 (W.D.N.Y. 1987) (Deliberative privilege is applied "to preserve the free expression, integrity, and independence of those responsible for making the determinations which ***enable the government to operate***.") (emphasis added); c.f., *Nat'l Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 333 (2d Cir. 1977) (privilege covered intra-agency memoranda of FDA that preceded the formal proposal of the Vitamins A and D regulations).

The privilege does not apply. Not every decision is covered by the deliberative privilege, only those that concern the formulation of agency "decisions and policies." *Hooker Chemicals*, at 102 (deliberative privilege does not apply to post-decisional, or so-called "working law communications," i.e., explanations or interpretations of an existing government decision, or purely factual material or data which may be severed from a given deliberative memorandum or report, or material that evaluates the implementation of a given government decision).

***Deadlines Affected***

The deadline for the completion of discovery is March 25, 2024. The discovery process was delayed during December and January due to the undersigned's being out of the office ill for several weeks. Upon my return, I pursued attempts to obtain the information detailed above in this case, and the *Richey* matter, to no avail. At the February 13th conference before Magistrate Stewart, he ordered counsel to exchange a proposed Amended Complaint[4] and file a proposed protective order by March 5. A follow up telephonic conference is scheduled for March 13th.

I am respectfully requesting a telephonic conference with the Court to assist the parties in resolving these issues without the need for motion practice. I have conferred with Mr. Dolan and the following dates are mutually convenient for both counsel to appear for a telephonic conference, should the Court's schedule permit: March 11, 18, 19, and 21. Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[4] A proposed amended complaint was provided to the State in this case and in *Richey*, which only identified two of the Panel Members. It would be preferable, in the interest of judicial economy, for the State to disclose the identity of the third Panel Member to avoid having to amend the complaint again in that regard.

- 4 -