UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

D.B.,

                         **Plaintiff,**

  vs.                                                1:22-CV-0282
                                                     (MAD/PJE)

**ANN MARIE T. SULLIVAN, MD,**
*Commissioner, Office of Mental Health, in her*
*Individual and Official Capacity*, et al.,

                         **Defendants.**
_____

APPEARANCES:                               OF COUNSEL:

**THE BELLATONI LAW FIRM, PLLC**        **AMY L. BELLATONI, ESQ.**
2 Overhill Road, Ste. 400
Scarsdale, New York 10583
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK STATE**      **MARK J. DOLAN, AAG**
**ATTORNEY GENERAL – ALBANY**        **MELISSA A. LATINO, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On March 23, 2022, Plaintiff D.B. commenced this civil rights action, pursuant to 42 U.S.C. § 1983, for violation of his Second, Fourth, and Fourteenth Amendment rights. *See* Dkt. No. 1. Seeking declaratory and injunctive relief, as well as punitive, economic, and compensatory damages, Plaintiff claims that, despite his efforts to recover his rights through state remedies such as an application for a Certificate of Relief from Civil Disabilities Related to Firearms and

subsequent Article 78 proceedings, Defendants Ann Marie T. Sullivan, Rossana Rosado, Office of Mental Health ("OMH"), Office of NICS Appeals and SAFE Act, John Does 1-5 and Jane Does 1-5 (collectively, "Defendants"), denied—and continue to deny—him his constitutional right to purchase a firearm by improperly reporting him to the SAFE Act Database and National Instant Criminal Background Check System ("NICS"). *See id.* at ¶¶ 1, 4-12, 110-22.

On May 17, 2024, Plaintiff filed a motion to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 34. Plaintiff seeks to amend his complaint as follows: (1) to add new defendants, Dr. Li-Wen Grace Lee, Carmen Barber, and Tony Trahan, referred to as the "Panel Members"[1] in the original complaint, who are "at least three . . . of the Does referenced in the initial [c]omplaint," Dkt. No. 34-3 at 3-4; *see* Dkt. No. 39 at 2 n.5; (2) eliminate personal capacity claims against Defendant Sullivan, *see* Dkt. No. 39 at 3; (3) eliminate the Fourth Amendment failure to train/supervise claims, *see id.*; (4) eliminate the Fourteenth Amendment post-deprivation claim, *see id.*; (5) eliminate Defendants Division of Criminal Justice Services and Rosanna Rosado, *see id.*; and (6) to "narrow[] the language relating to the claims and declaratory relief and add[] language challenging New York State Mental Hygiene law [("MHL")] 7.09(j)," *id.* (quoting Dkt. No. 34-3 at 5). On June 27, 2024, Defendants opposed Plaintiff's motion to amend. *See* Dkt. No. 37.

---

[1] These individuals allegedly served as "panel members" for the Certificate of Relief from Firearm Disabilities program of the SAFE Act Office ("COR"). Dkt. No. 34-2 at ¶ 12. Panel members purportedly review applications for certificates of relief from civil disabilities related to the restoration of an individual's right to firearm ownership. *See* Dkt. No. 18 at 3 (citing Dkt. No. 12-4 at 18).

2

On January 31, 2025, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation & Order ("R&R"), recommending that the motion to amend be granted in part and denied in part. *See* Dkt. No. 39.[2] No objections were filed by Plaintiff or Defendants.

## II. BACKGROUND

For a recitation of the background, the parties are referred to this Court's prior Memorandum-Decision and Order, denying Defendants' motion to dismiss. *See* Dkt. No. 18 at 2-4.

## III. DISCUSSION

**A.    Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections, the court reviews those recommendations for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (quotation and footnote omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[2] Despite the generally non-dispositive nature of a motion to amend, the Court agrees with Magistrate Judge Evangelista that the proper vehicle for rendering a decision on Plaintiff's motion is a report and recommendation to this Court because the dismissal of two Doe defendants is recommended. *See* Dkt. No. 39 at 1 n.1; *see Louis v. Metro. Transit Auth.*, No. 12 CIV. 6333, 2014 WL 5311455, *1 (E.D.N.Y. Oct. 16, 2014) ("'[D]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.' . . . In any event, the Court need not take a position on this question because even under the more stringent standard of review, its decision would remain the same") (quotation and citation omitted).

3

magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     The R&R**

Having reviewed the R&R, Plaintiff's complaint, the parties' filings, and the applicable law, the Court does not discern any clear error in Magistrate Judge Evangelista's recommendations. The Court assumes the parties' familiarity with the relevant factual background in this matter and, to the extent consistent with the record, adopts the factual recitation contained in Magistrate Judge Evangelista's R&R. *See, generally*, Dkt. No. 39.

*1. Threshold issues*

Magistrate Judge Evangelista correctly determined that, because Plaintiff seeks to amend his complaint after the expiration of the deadline for the amendment of pleadings, the Rule 16 good cause standard applies. *See* Dkt. No. 39 at 9. To that end, the Court finds no clear error in the conclusion that Plaintiff has demonstrated good cause for his delay in identifying the panel members that he now seeks to add as defendants. *See* Dkt. No. 39 at 9-10. Additionally, the Court finds no clear error in Magistrate Judge Evangelista's determination that Plaintiff has failed to show good cause for the delay in adding the proposed amendment that seeks declaratory relief related to MHL § 7.09(j) because Plaintiff has failed to demonstrate due diligence. *See id.* at 10-11; *Louis v. Metro. Transit Auth.*, No. 12 CIV. 6333, 2014 WL 5311455, *1 (E.D.N.Y. Oct. 16, 2014) ("'Good cause' requires the party seeking relief to establish that the deadline to amend the pleading could not reasonably be met despite due diligence") (collecting cases). Accordingly, the Court adopts Magistrate Judge Evangelista's recommendation that Plaintiff's motion be granted insofar as it seeks to add Defendants Lee, Barden, and Trahan and denied insofar as Plaintiff seeks to amend the complaint to add a claim that MHL § 7.09(j) is unconstitutionally overbroad. *See id.* at 11.

4

### *2. Statute of limitations*

The Court also finds no clear error in Magistrate Judge Evangelista's rejection of Defendant's argument that Plaintiff's proposed amended due process claims are time-barred. *See* Dkt. No. 39 at 11-15.

In Section 1983 actions, the applicable statute of limitations is the state's "'general or residual statute for personal injury actions.'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted). In New York, a three-year statute of limitations applies for personal injury actions and thus to Section 1983 actions. *See id.*; *see also* N.Y. C.P.L.R. § 214(5). Although state law provides the relevant limitations period, federal law determines when a Section 1983 action accrues, which is the time "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quotation and internal quotation marks omitted). Thus, in determining when a particular claim accrues, courts must focus on when a "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of N.Y.*, 632 F.2d 185, 192 (2d Cir. 1980).[3]

The analysis of when a statute of limitation began to run "'is generally riddled with questions of fact,'" therefore, "[a] motion to dismiss is often not the appropriate stage to raise" this affirmative defense. *Ortiz v. City of N.Y.*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) (quoting *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 354 (D. Vt. 2010)). Accordingly,

---

[3] Although the pending motion is brought by Plaintiff for leave to amend the complaint, the standards applicable to a motion to dismiss are applicable to Defendants' arguments that leave to amend should be denied because amendment would be futile. *See Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 333 (E.D.N.Y. 2013) ("'An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)'") (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

courts decline to dismiss claims as barred by a statute of limitations unless the "complaint's untimeliness is apparent on its face." *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023); *see Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *Stillman v. De Vos*, No. 23 CIV. 7802, 2024 WL 3797071, *1 (S.D.N.Y. Aug. 13, 2024).

Magistrate Judge Evangelista correctly determined that "it is not obvious from the face of the complaint that no further factual record needs to be developed for the Court to assess the statute of limitations defense, including determining when the claims accrued." Dkt. No. 39 at 14; *see* Dkt. No. 28 at 15-16. Therefore, the recommendation that the Court decline to deny the motion to amend on the basis of the statute of limitations is adopted. *See id.* at 14-15.

### *3. Defendant Does 1-2*

Magistrate Judge Evangelista recommends that Defendant Does 1-2 should be dismissed from this action without prejudice because Plaintiff has failed to show good cause for an extension to identify them, as he has not demonstrated that he has taken appropriate efforts and has had the benefit of discovery. *See* Dkt. No. 39 at 15-17. The Court agrees.

Plaintiff was advised at the commencement of this action, approximately three years ago, that he "shall take reasonable steps to ascertain" the identity of the Doe Defendants in his complaint. Text Notice, Dated Mar. 24, 2022. Yet, the proposed amended complaint does not identify Does 1-2 and describes them employees or agents of OMH who "have personal knowledge and information concerning individuals who are listed in the NYS NICS reporting database." Dkt. No. 34-2 at ¶ 19. This language in the proposed amended complaint does very little to expand upon the allegations in the original complaint, which described "John and Jane Does 1-10" as "employees, agents, and servants of OMH and/or DCJS." Dkt. No. 1 at ¶ 12.

Thus, because Plaintiff had ample time to identify Does 1-2 through discovery, but has

failed to do so, the Court adopts the recommendation that Does 1-2 be dismissed without prejudice. *See Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) ("Where a plaintiff 'has had ample time to identify' a John Doe defendant but gives 'no indication that he has made any effort to discover the [defendant's] name,' however, the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant") (quoting *Kearse v. Lincoln Hosp.*, No. 07 CIV. 4730, 2009 WL 1706554, *3 (S.D.N.Y. June 17, 2009)) (collecting cases).

### 4. Quasi-Judicial immunity

Magistrate Judge Evangelista undertook a "'factual inquiry,'" Dkt. No. 39 at 25 (quoting *Victory v. Pataki*, 814 F.3d 47, 66 (2d Cir. 2016), *as amended* (Feb. 24, 2016)), to determine whether the proposed new Defendants Lee, Barber, and Trahan are entitled to absolute quasi-judicial immunity in their roles as COR panel members, s*ee id.* at 17-26. The Court finds no clear error in Magistrate Judge Evangelista's determination that, based upon the record currently before the Court, Defendants have not demonstrated that the panel members are entitled to quasi-judicial immunity. *See id.* at 25-26.

"In determining whether an official is entitled to absolute immunity, [courts] must take a functional approach and look to the particular acts or responsibilities that the official performed." *King v. Simpson*, 189 F.3d 284, 287-88 (2d Cir. 1999) (citation omitted). To carry out this task, "courts must conduct 'some factual inquiry,' to determine if the duties of the defendants were judicial or prosecutorial, which entitles them to absolute immunity, or administrative, which may entitle them to qualified immunity." *Victory*, 814 F.3d at 66 (quotation omitted). "'[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" *Id.* at 65-66 (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Magistrate Judge Evangelista reviewed the relevant "regulations which list the documents

the panel is to consider in assessing whether to issue or deny a certificate of relief from disabilities related to firearms," however the R&R notes that Defendants have not provided "specifics about the implementation of the responsibilities these officials performed with respect to plaintiff's denial of a certificate for relief of disabilities related to firearms." Dkt. No. 39 at 25. For these reasons, the Court adopts the reasoning, as set forth in the R&R, and the conclusion that Defendants have not, at this time, met their burden of demonstrating that proposed Defendants Lee, Barber, and Trahan are entitled to absolute quasi-judicial immunity in their roles as COR panel members. *See id.* at 17-26.

### 5. Qualified immunity

Defendants also argue that the motion to amend should be denied because proposed Defendants Lee, Barber, and Trahan are entitled to qualified immunity from Plaintiff's claims which arise under the Second and Fourteenth Amendments. *See* Dkt. No. 37-2 at 16-19. The Court finds no clear error in Magistrate Judge Evangelista's determination that Defendants have failed to meet their burden at this stage. *See* Dkt. No. 39 at 26-31.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that qualified immunity is not merely immunity from damages but also "immunity from suit") (emphasis omitted). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotation omitted). "In addition, qualified immunity protects state actors when it was objectively reasonable for the state actor to believe

8

that his [or her] conduct did not violate a clearly established right." *Trapani v. Annucci*, No. 9:21-CV-0681, 2022 WL 7290107, *13 (N.D.N.Y. June 21, 2022), *report and recommendation adopted*, 2022 WL 4008027 (N.D.N.Y. Sept. 1, 2022) (citing *Manganiello v. City of N. Y.*, 612 F.3d 149, 165 (2d Cir. 2010)). "'Because qualified immunity is an affirmative defense, . . . the defendants bear the burden of showing that the challenged act was objectively reasonable in light of the law existing at the time.'" *Mitchell v. City of N.Y.*, 841 F.3d 72, 79 (2d Cir. 2016) (quoting *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000)).

As the R&R discusses, Defendants have offered no argument or support to show that there existed exigent circumstances that excused the alleged lack of notice underlying Plaintiff's Fourteenth Amendment Due Process claim and Defendants have not addressed the issue of whether a Second Amended violation occurred. *See* Dkt. No. 39 at 29-30. Defendants, therefore, have not sufficiently shown that Plaintiff's proposed amendments should be denied, either because they fail to allege that Defendants violated his constitutional rights or fail to allege that such constitutional rights were clearly established at the time of the alleged violation. *See id.* at 30. For the reasons, the Court agrees with Magistrate Judge Evangelista that, at this stage, Defendants have not met their burden of demonstrating that the proposed new Defendants are entitled to qualified immunity. *See id.* at 31.

### 6. *Termination of certain claims and parties*

Finally, the Court finds no clear error in Magistrate Judge Evangelista's recommendation that the Court grant Plaintiff's unopposed requests to terminate: "(1) claims against defendant Sullivan in her individual capacity, (2) all claims against Rossana Rosado, (3) claims against John Does 1-5 and Jane Does 1-5; (4) the Fourth Amendment failure to train or supervise claim; and (5) the Fourteenth Amendment post-deprivation claim." *Id.* at 31. And, although Plaintiff did not

name the Division of Criminal Justice Services as a defendant in the original complaint, the Court agrees that, to the extent Division of Criminal Justice Services, OMH, and Office of NICS Appeals and SAFE Act were named as defendants, and the proposed amended pleading abandons claims against such defendants, the motion to amend is granted and these parties are terminated. *See id.* at 31-32.

## IV. CONCLUSION

After carefully reviewing the R&R, the entire record in this matter, the parties' filings, and the applicable law, the Court hereby

**ORDERS** that the R&R (Dkt. No. 39) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion to amend (Dkt. No. 34) is **GRANTED in part and DENIED in part** as follows:

> **DENIED** to the extent Plaintiff seeks to (1) add a claim that New York State Mental Hygiene Law § 7.09(j) is unconstitutionally overbroad, and (2) proceed with any claims against Does 1-2; and
>
> **GRANTED** in all other respects; and the Court further

**ORDERS** that, insofar as the original complaint may be read as naming the Division of Criminal Justice Services, Office of Mental Health, or Office of NICS Appeals and SAFE Act as defendants, any such claims are **DISMISSED** as abandoned and that the Clerk of the Court **TERMINATE** these Defendants from the action; and the Court further

**ORDERS** that the Clerk of the Court **TERMINATE** Defendants Rosado, John Does 1-5, Jane Does 1-5, and Sullivan, in her individual capacity from this action; and the Court further

**ORDERS** that within **ten (10) days** of the date this Memorandum-Decision and Order is filed, Plaintiff shall file an amended complaint that is fully compliant with the Court's directives,

includes only those parties and claims upon which leave to amend has been granted, and adjusts the caption to reflect the current Defendants;[4] and the Court further

**ORDERS** that, once filed, the amended complaint will serve as the operative pleading; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[4] For the sake of clarity, the Defendants at this stage are as follows: (1) Ann Marie T. Sullivan, M.D., in her official capacity, (2) Li-Wen Grace Lee, M.D., in her individual and official capacities, (3) Carmen Barber, in her individual and official capacities; and (4) Tony Trahan, in his individual and official capacities. And the claims at this stage are for: (1) violation of the Second Amendment, pursuant to 42 U.S.C. § 1983, (2) violation of Fourteenth Amendment pre-deprivation due process, pursuant to 42 U.S.C. § 1983, and (3) the requests for declaratory and injunctive relief, as set forth in the proposed amended complaint, except to the extent that the proposed amended complaint seeks a declaration that MHL § 7.09(j) is unconstitutionally overbroad.